**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHERYL ELLEN EDWARDS, | No. 12-17160 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-00320-LHK |
| v. | |
| CAROLYN W. COLVIN,[*] COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | MEMORANDUM[**] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted February 6, 2015[***]
San Francisco, California

---

[*]     Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted for her predecessor, Michael J. Astrue, Commissioner of Social Security, pursuant to Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]     The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. 34(a)(2).

Before: TALLMAN and RAWLINSON, Circuit Judges, and DEARIE, Senior District Judge.****

Sheryl Edwards ("Edwards") appeals the district court's order remanding her claim for disability insurance benefits, pursuant to Title II of the Social Security Act, for further administrative proceedings. The district court found that the Administrative Law Judge ("ALJ") had erred (1) by failing to consider Edwards' non-exertional limitations and (2) by relying solely on the medical vocational guidelines as evidence of the existence of significant numbers of jobs that Edwards was capable of performing. Nonetheless, Edwards argues that the district court erred when it upheld the part of the ALJ's decision that gave "no significant weight" to the opinions of three treating physicians regarding Edwards' limitations, and that the district court should have remanded the case for an immediate award of benefits. We review the district court's order de novo, *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010), and review the decision to remand for an abuse of discretion, *Harman v. Apfel*, 211 F.3d 1172, 1173 (9th Cir. 2000). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

**** The Honorable Raymond J. Dearie, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

The ALJ did not err in giving "no significant weight" to the opinions of Edwards' treating physicians. Controlling weight is given to a treating physician's opinion when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (internal quotations omitted) (alteration in original); *see also* 20 C.F.R. § 404.1527(c)(2). Where, as here, the treating doctors' opinions are contradicted by other doctors' opinions, the ALJ must state "specific and legitimate reasons that are supported by substantial evidence" in the record for rejecting a treating physician's opinion. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

The ALJ provided three "specific and legitimate reasons [] supported by substantial evidence" for discrediting Edwards' treating physicians' opinions as to Edwards' multiple chemical sensitivity and limitations. *Id.* First, the ALJ correctly found that Drs. Vincent A. Marinkovich, Melvin Friedman, and Peter Madill based their opinions almost entirely on Edwards' self-reporting. Thus, the ALJ found these three opinions not fully credible—a finding that Edwards does not

challenge on appeal.[1] *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." (quotation marks and citation omitted)). Second, the ALJ found that the treating physicians' opinions were not supported by other evidence in the record such as clinical signs or diagnostic findings. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (affirming ALJ's rejection of contradicted medical opinion because it was conclusory, in checklist form, and not supported by objective evidence). Third, the ALJ correctly pointed out inconsistencies between two of the treating physicians' opinions and their notes relating to Edwards' work history. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (ALJ validly "identified a contradiction" in the treating physician's opinion because although the doctor opined that the claimant was unemployable he acknowledged that the claimant continued to work full-time).

---

[1] Edwards argues in passing that the ALJ improperly relied on his first-hand observation of Edwards in the hearing room in finding her not credible. An ALJ's "personal observations may be used" where, as here, they were part of "the overall evaluation of the credibility of the individual's statements." *Orn v. Astrue*, 495 F.3d 625, 639-40 (9th Cir. 2007) (quoting Social Security Ruling 96-7p at 8, *available at* 61 Fed. Reg. at 34,488). There was no error.

Edwards argues that, in reaching these conclusions, the ALJ improperly relied on evidence from non-treating doctors who examined Edwards in 2009 after her date last insured. But as we have previously stated, "[i]t is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). Since the evaluations of Drs. Clark E. Gable and Steven Gerber relied on medical evidence from the insured period, the ALJ did not err in finding their opinions "relevant to an evaluation of the pre-expiration condition." *Id.*

Remand for further administrative proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and where it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. *See Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009).

Here, the district court did not abuse its discretion by remanding for further proceedings because there are outstanding issues that the ALJ must consider, including (1) incorporating Edwards' non-exertional limitations in her residual functional capacity, and (2) posing an accurate hypothetical to the vocational expert. The common approach in this circuit—and the sensible one here taken by

the district court—is to remand for such fact finding.  *See*, *e.g.*, *Harman*, 211 F.3d

at 1180 ("In cases where the testimony of the vocational expert has failed to

address a claimant's limitations . . . we consistently have remanded for further

proceedings rather than payment of benefits."); *Hill v. Astrue*, 698 F.3d 1153, 1162

(9th Cir. 2012) ("Because the overall record shows [] additional assumptions

should have been incorporated into the ALJ's hypothetical, remand is

appropriate.").

      **AFFIRMED.**